UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: : | |
| : | |
| ROGER JOHN TRAVERSA, : | |
| : | |
| Debtor. : | |
| ------------------------------------------------------: | |
| : | CIVIL ACTION |
| ROGER JOHN TRAVERSA, : | NO. 3:07mc138 (MRK) |
| : | |
| Appellant, : | |
| v. : | |
| : | |
| EDUCATION CREDIT MANAGEMENT : | |
| CORPORATION, et al., : | |
| : | |
| Appellee. : | |

## RULING AND ORDER

Pending before the Court is Mr. Traversa's Motion for Appeal or Motion for Leave to Appeal [doc. # 1] ("Motion to Appeal") the decision of the Bankruptcy Court to deny his motion for reconsideration regarding his motion to seal as well as a sealed Motion to Seal [doc. # 2] and its redacted version [doc. # 3]. Mr. Traversa seeks to seal documents he deems to be private, confidential, or privileged in nature that he has previously filed in his bankruptcy proceeding as well as documents he anticipates filing in the future as part of his bankruptcy case. After Mr. Traversa filed his motion to seal with the Bankruptcy Court, the Bankruptcy Court denied the motion to seal on February 20, 2007.[1] Thirteen days later, Mr. Traversa filed a motion to reconsider on March 5, 2007. The Bankruptcy Court held a hearing regarding Mr. Traversa's motion to reconsider on April

---

[1] The court did grant the motion insofar as the court ordered the parties to redact from filings the Debtor's social security number, account numbers, and date of birth to prevent "undue risk of identity theft." 11 U.S.C. § 107(c)(1). Memorandum in Opposition to Motion to Appeal [doc. # 6], Ex. A (Order Denying Motions to Seal in Part and Granting Such Motion in Part).

24, 2007 and denied the motion to reconsider on that date. Mr. Traversa then filed this Motion to Appeal on May 4, 2007 asking the Court to overturn the Bankruptcy Court's ruling on his motion to reconsider. After both parties submitted an initial round of briefs [docs. ## 4, 6], the Court issued an Order to Show Cause [doc. # 7], ordering both parties to brief the issue of whether the Court has jurisdiction to consider Mr. Traversa's Motion to Appeal. Both parties then submitted briefs [docs. ## 11, 12] on that issue. For the reasons stated below, the Court concludes that it does not have jurisdiction and therefore must dismiss Mr. Traversa's appeal.

As an initial matter, Education Credit Management Corporation ("Education Credit") claims the Court lacks jurisdiction to consider Mr. Traversa's Motion to Appeal because Mr. Traversa's underlying motion to reconsider was untimely. Education Credit acknowledges that Mr. Traversa timely filed this Motion to Appeal from the denial of his motion to reconsider. *See* Bankruptcy Rule 8002(a) (providing that notice of appeal from a bankruptcy court's order must be filed within ten days of entry of the order appealed from).[2] However, Education Credit contends that Mr. Traversa's motion to reconsider was itself untimely because it was filed after the ten-day deadline to file motions for reconsideration had elapsed. Therefore, according to Education Credit, this Court lacks jurisdiction to consider the Bankruptcy Court's ruling on Mr. Traversa's motion to seal.

Mr. Traversa concedes that his motion to reconsider was filed beyond the ten-day deadline provided for in Bankruptcy Rule 8002(a), but claims that because bad weather prevented him from filing his papers until March 5, the deadline was tolled under Bankruptcy Rule 9006(a), which

---

[2] The Court has recently had occasion to discuss whether the filing of an untimely motion of appeal of a bankruptcy court order is indeed jurisdictional. *See Bush v. Bank of N.Y.*, No. 3:06cv1532 (MRK), 2007 WL 445507 (D. Conn. Feb. 9, 2007) (discussing whether Bankruptcy Rule 8002 is a jurisdictional rule or a claims-processing rule).

2

extends a deadline if the last day is "a day on which weather or other conditions have made the clerk's office inaccessible." Mr. Traversa asserts that the Bankruptcy Court considered his tolling argument and agreed that it had jurisdiction to hear his motion to reconsider and rule on its merits, *see* Motion to Appeal [doc. # 1] Ex. A (motion to reconsider with handwritten order). Education Credit counters that the Bankruptcy Court "magnanimously agreed to consider the motion" without tolling the appeal period, *see* Memorandum in Opposition to Motion to Appeal [doc. # 6] at 3 n.3. Because the record is ambiguous on whether the Bankruptcy Court tolled the ten-day deadline for Mr. Traversa's motion for reconsideration, the Court will exercise caution and assume that Mr. Traversa's motion for reconsideration was timely, and that therefore, his Motion to Appeal also was timely filed.

However, that conclusion does not fully answer the question of whether the Court has jurisdiction over Mr. Traversa's appeal. Section 158 of Title 28 of the United States Code provides that:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
> . . .
> (3) with leave of the court, from other interlocutory orders and decrees.

Mr. Traversa asserts that the Court has jurisdiction to hear his appeal under both subsections of 28 U.S.C. § 158(a).

The first subsection of § 158(a) is not available to Mr. Traversa because the Bankruptcy Court's denial of his motion to seal cannot be considered a final judgment or order. Mr. Traversa is a party to a bankruptcy action that remains pending in the Bankruptcy Court and as such, the court's ruling on the motion to seal is not a final judgment or decree. *See In re DG Acquisition*

*Corp.*, 151 F.3d 75, 79 (2d Cir. 1998) (noting the general rule that "discovery orders are non-final" in bankruptcy actions except as to non-parties).

Mr. Traversa contends that even if the Bankruptcy Court's denial is not a final order, *see* Brief in Response to Order to Show Cause [doc. # 12] at 2, he is nonetheless entitled to appeal from the denial under the collateral order doctrine established in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). The collateral order doctrine allows a court to hear an appeal from an interlocutory order "if such order (1) conclusively determined the disputed question; (2) resolved an important question completely separate from the merits of the action; and (3) was effectively unreviewable on appeal from a final judgment." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, No. 07-1190-CV, 2007 WL 1321281, at *7 (2d Cir. May 8, 2007); *see also In re Johns-Manville Corp.*, 824 F.2d 176, 180-81 (2d Cir. 1987) (discussing the collateral order doctrine in the context of a bankruptcy appeal).

Few district courts in the Second Circuit have applied the collateral order doctrine to consider whether to grant leave to appeal from an interlocutory order of a bankruptcy court. *See In re Cutter*, No. CV-05-5527, 2006 WL 2482674, at *4 (E.D.N.Y. Aug. 29, 2006). This Court, though, has noted that "'[t]o determine when a grant of leave to appeal an interlocutory order is proper, courts in this Circuit have adopted the standards pursuant to which courts of appeals may entertain interlocutory appeals from district courts, as described at 28 U.S.C. § 1292(b)" *Cadlerock Joint Venture II, L.P. v. Milazzo*, No. 3:07 mc 26(MRK), 2007 WL 470323, at *1 (D. Conn. Feb. 8, 2007) (quoting *In re AroChem Corp.*, 198 B.R. 425, 427 (D.Conn.1996)).

The Second Circuit's jurisprudence applying the collateral order doctrine to motions by parties for a protective order, such as that which Mr. Traversa seeks in this case, bars the Court from

considering Mr. Traversa's Motion to Appeal. For example, in *Chase Manhattan Bank, N.A. v. Turner & Newall, PLC*, 964 F.2d 159 (2d Cir. 1992), the Second Circuit considered a district court's denial of a motion for protective order regarding documents that a party claimed were covered under the attorney-client privilege doctrine. The Second Circuit unequivocally held "that *Cohen* does not provide jurisdiction to review interlocutory discovery orders." *Id*. at 163 *cited with approval in In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 2007 WL 1321281, at *7; *see In re County of Erie*, 473 F.3d 413, 417 (2d Cir. 2007) ("Ordinarily, pretrial discovery orders involving a claim of privilege are unreviewable on interlocutory appeal . . . ."); *United States v. Coppa*, 267 F.3d 132, 138 (2d Cir. 2001) ("Pretrial discovery orders in civil or criminal cases are generally not directly appealable prior to the entry of judgment."). The Court is thus precluded from considering Mr. Traversa's interlocutory appeal under the collateral order doctrine.

Finally, Mr. Traversa asserts that the Court may grant a permissive appeal pursuant to 28 U.S.C. § 158(a)(3). Again, the Court looks to the standard developed under 28 U.S.C. § 1292(b) for permissive appeals. *See Cadlerock Joint Venture II, L.P. v. Milazzo*, 2007 WL 470323, at *1. To permit an interlocutory appeal pursuant to § 1292(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation." *In re Enron Corp.*, No. 01-16034, 2006 WL 2548592, at *3 (S.D.N.Y. Sept. 5, 2006) (quoting 28 U.S.C. § 1292(b)); *see also State of Connecticut v. Spellings*, No. 3:05CV1330(MRK), 2007 WL 329118, at * 1 (D. Conn. Feb. 1, 2007) ("This Court's power to grant an interlocutory appeal is not to be liberally construed and must be strictly limited to the precise conditions stated in the law.") (internal quotation marks omitted).

A permissive appeal is not warranted in this case, since the relief sought by Mr. Traversa does not involve a controlling question of law; nor would it materially advance the ultimate termination of the litigation to allow this appeal. "A question of law is deemed to be 'controlling' if reversal of the order would terminate the action or a determination of the issue on appeal would materially affect the outcome of the litigation." *In re Enron Corp.*, No. M-47 (GBD), 2007 WL 120458, at *2 (S.D.N.Y. Jan. 17, 2007). Whether the information Mr. Traversa seeks to seal is indeed confidential or defamatory, as he alleges, is primarily a question of fact involving the exercise of sound discretion and does not involve any controlling question of law. *Cf. In re Convolve, Inc.*, No. 00 Civ.5141 GBD, 2006 WL 2792687, at *2 (S.D.N.Y. Sept. 27, 2006) ("Fact-dependent matters that are within the district court's discretion, such as the scope of a privilege waiver, do not involve a 'controlling issue of law' under § 1292(b)) (citing *White v. Nix*, 43 F.3d 374, 376, 377-78 (8th Cir.1994)).

While Mr. Traversa argues that granting his motion to seal would advance the ultimate termination of the litigation, the Court disagrees. There is no indication that discovery or the length of the trial would be shortened in any way if this Court were to grant Mr. Traversa's motion to seal. Rather, without direct access to the sealed documents, Defendants would likely need to conduct more extensive discovery to obtain the desired information. *See In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987) ("Since discovery orders are generally collateral in nature, they will rarely satisfy [the § 1292(b)] requirements."); *cf. Hershey-Wilson v. City Of New York*, No. 05-CV-7026 (KMK)(JCF), 2006 WL 2714709, at *2 (S.D.N.Y. Sept. 20, 2006) (concluding that reversing a denial of a protective order regarding the production of mental health records "would have no effect on the commencement or the length of the trial."). As the Fourth Circuit has stated:

> Indeed, the considerations underlying the rule against review of interlocutory orders apply with particular force in the discovery context because that process has a special potential for spawning rulings that aggrieved parties would seek to appeal. The process of turning over private-and often damaging-information to an adversary inevitably creates friction. The sheer number of discovery rulings and the myriad procedural requirements governing them, *see* Fed.R.Civ.P. 26-37, provide fertile soil for the growth of appealable orders. Allowing immediate appeal of the orders resolving discovery disputes would only disrupt and delay district court proceedings and clog the courts of appeals with matters more properly managed by trial courts familiar with the parties and their controversy.

*MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994) *cited with approval by Bacher v. Allstate Ins. Co.*, 211 F.3d 52, 54-55 (3d Cir. 2000). Because Mr. Traversa's Motion to Appeal does not satisfy the requirements of § 1292(b), the Court will not grant Mr. Traversa leave to appeal the Bankruptcy Court's ruling concerning his motion for reconsideration.

With respect to Mr. Traversa's Motions to Seal [docs. # 2,3], the Second Circuit has made clear that the public and the press have a "qualified First Amendment right . . . to access certain judicial documents," including inspecting and making copies of judicial documents and docket sheets. *Lugosch*, 435 F.3d at 120 (2d Cir. 2006) (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)). In limited circumstances and upon a showing of compelling circumstances, this Court may order certain records to be sealed. *See id.* at 123 ("[D]ocuments used by parties moving for, or opposing summary judgment should not remain under seal *absent the most compelling reasons*.") (quoting *Joy v. North,* 692 F.2d 880, 893 (2d Cir. 1982)); *Hartford Courant Co.*, 380 F.3d at 96 (stating that judicial records enjoy a "presumption of openness," a presumption that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest" (internal quotation marks omitted)). However, "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really

is an extraordinary circumstance or compelling need." *In re Orion Pictures Corp.*, 21 F.3d at 27 (citation omitted); *see SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001).

Here, the Court has examined each document Mr. Traversa wishes to seal in this case. *See* Motion to Appeal [doc. # 1]; Motion to Seal [doc. # 2]; Memorandum in Support of Motion to Appeal [doc. # 4]; Reply to Motion to Appeal [doc. # 9]; and his Response to the Court's Order to Show Cause [doc. # 12]. Because the documents do not contain specific references to information the Court deems to be privileged or confidential, the Court finds no compelling need to seal these documents. Therefore, the Court DENIES Mr. Traversa's Motions to Seal [docs. ## 2, 3] and ORDERS the Clerk to unseal all of the sealed documents in this case.

Having found no ground for jurisdiction to consider Mr. Traversa's Motion to Appeal under either 28 U.S.C. § 158(a)(1) or § 158(a)(3), the Court DENIES Mr. Traversa's Motion to Appeal [doc. # 1] and DISMISSES the case.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: July 5, 2007**.